**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX TABATABAEE, | No. 15-16483 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00911-LJO-BAM |
| v. | |
| BRIAN MARSHALL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Alex Tabatabaee, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. §

1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Tabatabaee's claims against defendants Johnson, Safari, Baldoz, Santos, Quilling, Coleman, Rios, and John Doe because Tabatabaee failed to allege facts sufficient to show that these defendants were deliberately indifferent to his low blood pressure and other medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health, and negligence or a difference in opinion are insufficient to establish deliberate indifference).

The district court properly dismissed Tabatabaee's claims against defendants Marshall, Bradford, Richey, and Jane Does 1-2 because Tabatabaee failed to allege facts sufficient to show that these defendants were personally involved in Tabatabee's medical care or that they instituted or condoned an unconstitutional policy or practice. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation").

**AFFIRMED.**